FILED
SUPERIOR COURT
OF GUAM

2021 FEB -8 PM 4: 34

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

TELEGUAM HOLDINGS, LLC dba )
GTA, )
                      )
               Plaintiff, )
                      )       CIVIL CASE NO.: CV0691-18
         vs. )
                      )
PACIFIC UNDERWATER )       **DECISION AND ORDER:**
OBSERVATORIES, INC. dba FISHEYE )     **Plaintiff's Motion for Summary**
MARINE PARK, )     **Judgment on Defendant's Counterclaim**
                      )         **and to Determine Damages**
            Defendant. )
                      )
_____ )

## I.     INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on November 9, 2020 for a hearing on Plaintiff Teleguam Holdings, LLC dba GTA's ("Plaintiff") Motion for Summary Judgment on Counterclaim and to Determine Damages ("Motion"). Plaintiff was represented by Attorney Terrence Brooks of Brooks Concepcion Law, P.C. Attorney Phil Torres represents the Defendant, Pacific Underwater Observatories, Inc. dba Fisheye Marine Park ("Defendant"). Representatives of Defendant, Renny Loren and Akihiro Tani, were also present at the hearing via Zoom platform.

After reviewing the Parties' written briefs and the record on file with the Court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court

now issues this Decision and Order ruling on the Motion and GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM AND TO DETERMINE DAMAGES, GRANTING IN PART SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, AND ORDERING THE PARTIES TO SUBMIT CALCULATIONS SUPPORTING THEIR DAMAGES CLAIMS, consistent with Court's decision herein.

## II.     BACKGROUND AND PROCEDURAL HISTORY

The Court incorporates by reference its factual and procedural discussion as contained in its Decision and Order Granting Plaintiff's Motion for Summary Judgment issued on July 11, 2019. The issue now before the Court is whether to grant Plaintiff summary judgment as to Defendant's counterclaim for damages arising out of Plaintiff's alleged breach of the parties' contract, which the Court has previously ruled is enforceable. *Decision and Order Granting Plaintiff's Motion for Summary Judgment* (July 11, 2019).

In its earlier Decision, the Court held that the service interruptions in August 2017 and October 2017 identified in Defendant's Counterclaim were not protected by Paragraph 4 of the MSA and was, rather, a result of the Defendant's equipment failure which had been purchased from a different vendor. *Decision and Order* at p. 6. Consequently, Plaintiff was entitled to damages under the parties' agreement. Further, the Court determined that Section 7.0 of the MSA, regarding legal fees and court costs, was valid and enforceable, but held in abeyance ruling upon the motion for damages until the Court was properly asked to consider granting Plaintiff's request for summary judgment as to Defendant's counterclaim.[1]

---

[1] Plaintiff moved for the first time to dismiss Defendant's counterclaim in their May 7, 2019 Reply to Defendant's Opposition to Summary Judgment. The Court found that addressing this request in the prior Decision and Order would run contrary to the interest of justice because the Defendant was not afforded notice and an opportunity to respond. As such, the Court rejected Plaintiff's request to consider its motion for summary judgment on Defendant's counterclaims unless it complied with the applicable rules of procedure.

Plaintiff now argues that, because the Court has found that the MSA is a valid contract between the parties, it should be awarded damages pursuant to the MSA and the Court should reject Defendant's counterclaim for damages resulting from Plaintiff's alleged breach of the parties' enforceable agreement. *Mot.* at p. 2. On the other hand, Defendant contends that, because the Court found that the agreement between the parties is enforceable, Plaintiff's failure to respond within two hours of the complaint as required by the Platinum Services Agreement justifies an award of damages for the breach in August 2017 and October 2017, when Plaintiff failed to respond within two hours, as required. *Def.'s Opp. to Pl.'s Mot. for Summary Judgment* (June 26, 2020); *Def.'s Answer and Counterclaim* at ¶¶ 8, 9 (Sept. 6, 2018).

Defendant also asserts that the Court's prior analysis regarding the parties' obligations under the MSA was incomplete because the Court has not addressed the Platinum Services obligations. Further, the Defendant contends that the Court has within its discretion, the ability to reconsider and revise its earlier rulings at any point prior to the entry of judgment in the matter under Rule 54(b) under the Guam Rules of Civil Procedure ("GRCP"). The Court disagrees with Defendant's claim that it did not address the Platinum Service obligations and, further that Rule 54(b) applies in this instance, but addresses the arguments, below.

## III. LAW AND ANALYSIS

### A. The Court will not reconsider its prior Decision and Order.

The Defendant asks the Court to review its prior Decision purportedly because the Court did not address the Platinum Services obligations in the amendment to the MSA. *Opp.* at p. 6. Defendant submits that GRCP Rule 54(b) gives the Court authority to review its decision. However, this Court finds that Rule 54(b) is inapplicable here because the Court has not yet issued any final judgment on *any* of the claims at issue in this case. Rule 54(b) states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of a decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudication all the claims and the rights and liabilities of all the parties.

The Supreme Court of Guam has described the process for making a Rule 54(b) certification upon motion by either party in *De Vera v. Chen:*

> Two inquiries must be made when determining whether Rule 54(b) certification is proper. First, the court must determine whether it is dealing with a "final judgment." *Curtiss-Wright,* 446 U.S. at 7. Different tests have been developed to determine whether a judgment is final. Second, the court must perform a balancing test and consider whether the costs and risks of multiple proceedings and the policy with respect to judicial efficiency are outweighed by the need for an early and separate judgment as to some claims or parties. In doing so, the court should determine that there is no just reason for delay and give an express direction for the entry of judgment.

2006 Guam 1, ¶ 12. The Defendant here is asking the Court to apply Rule 54(b) in a manner that exceeds its intended application, as articulated by the Supreme Court. Although the Court has the discretion to review its prior decisions and orders, the Defendant has not complied with the GRCP rules for requesting the court to review a prior decision (e.g., GRCP Rule 59 or 60) and, as such, the Court will not review its prior Decision in this matter now under a provision that is not applicable.

The Court reiterates its previous holding: that the MSA was a valid and enforceable contract between the parties, that defendant was not entitled to terminate the contract and that Plaintiff is entitled to recover damages under the parties' agreement. The Court now considers

the pending motion for summary judgment on Defendant's specific claims in its counterclaim against Plaintiff for its purported breach.

### B. Plaintiff's Motion for Summary Judgment is granted in part and denied in part; Defendant is entitled to summary judgment on one of its claims.

As articulated in the Court's prior Decision, under Guam Rules of Civil Procedure ("GRCP") Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25. If, however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶ 7. *Edwards* defined a material fact as "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Id*. Disputes over irrelevant or unnecessary facts will not prevent a grant of summary judgment. *Bank of Guam v. Flores*, 2004 Guam 25, ¶ 30.

The Court's "ultimate inquiry" is "whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶ 7. A genuine issue of material fact precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M.Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2012 Guam 23 ¶ 11. Defendant argues summary judgment is not proper because "material disputes of

fact exist as to the obligations of the parties and interpretation of the parties' agreement." Def. Opp. 22 at p. 2. (Apr. 18, 2019). The Court disagrees and finds the record demonstrates there are no genuine issues as to any material fact, that Plaintiff is entitled to judgment as a matter of law on Defendant's claim for breach based on an August 2017 outage, but Defendant is entitled to summary judgment in its favor with respect to the October 2017 outage.

The Court directs the parties' attention to Defendant's Counterclaim seeking damages for two instances or periods – August 2017 and October 2017 – where Plaintiff "breached it's [sic] Platinum Service duty to respond to address the issues [with the telecommunication services] within the two (2) hours as required by the Platinum Agreement." *Def.'s Answer and Counterclaim* at ¶¶ 8, 9. The simple inquiry before the Court is whether to grant Plaintiff's motion for summary judgment on Defendant's counterclaim for breach of the parties' agreement, and specifically the two hour provision in the Platinum Services Agreement, relating to the August and October 2017 "technical issues." Based on the pleadings and the record of this matter, the Court finds that Plaintiff is entitled to summary judgment on the August 2017 claim. However, Plaintiff admits liability for the October 2017 outage and, therefore, Defendant is entitled to recover on that claim.[2]

In making this determination, the Court notes that nothing in the Defendant's pleading submitted in response to the instant summary judgment motion disputes Plaintiff's assertion that the Platinum Service Agreement does not apply to the PBX phone system purchased and used by the Defendant. *See, Pl.'s Mot. for Summary Judgment* at 6,7 (March 18, 2019). Defendant also never disputed that Plaintiff had offered it a service package that would apply to *all* of its

---

[2] The Court notes with curiosity that the Defendant never cited to Plaintiff's admission of liability for the October 2017 outage, as contained in the Bentley Declaration filed on July 17, 2020. Thus, the Court *sua sponte* grants summary judgment in its favor for the October 2017 outage.

equipment, but that Defendant had declined to purchase the enhanced equipment service package. *Dec. of Shana Bentley* (March 18, 2019). Ms. Bentley, addressing the outage that occurred in August 2017 and which is complained about in Defendant's Counterclaims, stated that "[b]ecause the cause of the service interruption was the failure of the customer's equipment, not the ISDN PRI circuit provided by GTC, the trouble was not covered under Defendant's service contract." *Bentley Declaration of March 18, 2019* at ¶¶ 12, 13. Therefore, even if Plaintiff failed to respond with 24 hours as required under the Platinum Service agreement, the Platinum Service Agreement did not apply to equipment not covered under the agreement and was not required to respond within 24 hours to the failure of Defendant's failed equipment. As such, the Defendant is not entitled to recover damages for the August 2017 "telecommunication issue" complained of in its Counterclaim.

However, with respect to the October 2017 outage also complained of by Defendant in its counterclaim, Ms. Bentley affirmed that "Defendant's February 4, 2016 contract extension included a Platinum service level agreement (SLA) package that applied to this ISDN PRI voice circuit, provided by GTA." *Decl. of Shana Bentley dated July 17, 2020* ¶ 3 to Bentley Declaration (July 17, 2020). She also stated that the October 2017 issue "was related to the ISDN PRI line and GTA failed to repair the outage for two days." *Bentley Declaration* at ¶¶ 9, 10 (July 17, 2020). Thus, Plaintiff has admitted that the October 2017 outage was covered by the Platinum Service Agreement; therefore, there is no question of material fact on the issue of Plaintiff's liability for the October 2017. However, summary judgment under the circumstances is clearly warranted for the Defendant's benefit for the October 2017 counterclaim.

The Court notes that the admission by the Plaintiff for such liability post-dates the Court's Decision and Order of July 11, 2020, but does not impact the Court's finding that

Defendant had no right to terminate the contract with Plaintiff. *Decision and Order* at pp. 5, 6. Section 2.0 of the MSA provides that "customers may terminate [the MSA] only upon a breach by GTA of a material provision of the agreement continuing for thirty (30) days after receipt of written notice thereof." *Id.* Defendant cannot establish this condition to have existed and terminated months after the October 2017 outage on February 24, 2018. *Decl. of Renny Loren* (April 22, 2019). Indeed, nothing in the February 24, 2018 letter of termination indicates termination due to a breach of a material provision of the agreement continuing for thirty days after written notice thereof. *Exhibit 6 to Bentley Declaration* (July 17, 2020).

The Court next addresses the issue of damages claimed by both Plaintiff and Defendant.

**C. Determination of Damages**

The Plaintiff argues that, pursuant to the MSA, the Defendant is not entitled to damages, only to a credit against the amounts owed to the Plaintiff. *Id.* The Plaintiff requests a judgment in the amount of $11,522.52, interest assessed at the rate of 1.5% per month, and an award of attorney's fees to be entered for the Plaintiff. *Id.* The Defendant claims that they are entitled to damages for the Plaintiff's breach of the Platinum Services provisions of the MSA regarding response and repair times. *Opp.* at p. 5. Finding the MSA as enforceable between the parties and in keeping with its prior decision, the Court now determines the damages owed to either party, if any, under the contract.

The Court, in its prior Decision, has found that the early termination fee is enforceable as against the Defendant and attorney's fees are also awardable under Section 7.0 of the MSA and has determined the liabilities of the parties under the contract. *Decision* at p. 8–9. Section 2.0 of the MSA states that "the term of the agreement would be 36 months and then extend until terminated by either party upon thirty (30) days prior written notice." Section 5.0 then states that

"in the event the Customer, here the Defendant, cancels or terminates service at any time during the initial term of the Agreement or *any renewal thereof* for any reason whatsoever other than a service interruption (as defined in Paragraph 4) customer agrees to pay [Plaintiff]…the following sums…"(emphasis added).

The parties renewed the MSA in 2016 through to the Amendment to the MSA, so the provisions regarding the thirty-day prior written notice of termination after the initial thirty-six month initial term no longer applied. The termination fees described in Section 5.0 thus applied when the Defendant terminated the contract due to the renewal of the contract term of three more years. Additionally, the Platinum Service provision of the amendment to the MSA has to do with the repair and response times when a service interruption has occurred, therefore Section 4.0 of the MSA also applies regarding credits to customers for service interruptions as the Defendant's remedy for any breach of the Platinum Service provisions by the Plaintiff. Plaintiff offers credit in the amount $174 to Defendant. *Bentley Decl.* at ¶ 12.

In light of the Court's decisions herein and in its earlier July 11, 2020 Decision and Order, the Court finds that Plaintiff is entitled to damages for Defendant's breach, but Defendant is entitled to credits for Plaintiff's breach of the Platinum Service Agreement regarding the October 2017 outage. The Parties must, therefore, submit to the Court its respective damage and offset amounts for the Court's consideration, including any attorney's fees and costs. The Court will set the matter for a further hearing on the issue of damages after both parties have submitted their damages calculations. The parties shall have thirty (30) days from the entry on the docket of this this Decision and Order in which to submit their damages requests to the Court.

//

//

## IV. CONCLUSION

For the reasons set forth herein, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment on the Defendant's counterclaim for the August 2017 outage; **DENIES** Plaintiff's Motion for Summary Judgment on Defendant's counterclaim for the October 2017 outage but **GRANTS** Summary Judgment for the October 2017 claim in Defendant's favor. The Parties are ordered to submit their calculations for damages, costs and other claims consistent with the Court's decisions herein within thirty (30) days of the entry of this Decision and Order on the docket.

**SO ORDERED** this February 08, 2021

_____

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Brooks
P. Torres
Date:_____ Time: 2/8/4
_____
Deputy Clerk, Superior Court of Guam